**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:  17-CV-24404-MORENO/TURNOFF

LEE CLANCY FORD as Mother and
Next Friend of Jane Doe, a Minor,

      Plaintiff,

vs.

NCL (BAHAMAS) LTD., a Bermuda
Company d/b/a NORWEGIAN CRUISE
LINES,

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
## AMENDED COMPLAINT

Defendant, NCL (BAHAMAS) LTD., d/b/a NORWEGIAN CRUISE LINE ("Norwegian"), by and through undersigned counsel, hereby answers Plaintiffs' Amended Complaint [ECF No. 7], asserts affirmative defenses, and states as follows:

## GENERAL ALLEGATIONS

1.    Admitted that this Court has jurisdiction over Norwegian for purposes of this litigation only. All else is denied.

2.    Denied.

3.    Admitted that this Court has jurisdiction over Norwegian for purposes of this litigation only. All else is denied.

4.    Denied as phrased.

5.    Denied as phrased.

6.    Admitted only that Defendant is a member of the Cruise Line Industry Association (CLIA). All else is denied.

CASE NO.:  17-CV-24404-MORENO/TURNOFF

7.      Denied as phrased.

***There are no paragraphs 8, 9, or 10.***

11.      Denied as phrased.

### <u>COUNT I – NEGLIGENT MEDICAL CARE AND TREATMENT</u>

12.      Norwegian reincorporates and adopts by reference its response to paragraphs 1 through 11 as if fully set forth herein.

13.      Admitted only that Plaintiff was a passenger onboard the *Norwegian Getaway* on or about December 19, 2016. All else is denied.

14.      Denied.

15.      Denied.

16.      Denied.

17.      Denied as phrased.

18.      Denied as phrased.

19.      Denied.

19 (repeated numbered paragraph).    Denied

20.      Denied.

21.      Denied.

22.      Denied.

23.      Denied.

24.      Denied as an incomplete and/or inaccurate statement of the law.

25.      Denied, including subparts a. – g.

26.      Denied.

27.      Denied.

**MASE TINELLI MEBANE & BRIGGS**

28.     Denied.

## COUNT II – NEGLIGENCE BASED ON APPARENT AGENCY

29.     Norwegian reincorporates and adopts by reference its response to paragraphs 1 through 11 as if fully set forth herein.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied, including subparts a. – k.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' own negligence was the sole proximate cause of the alleged injuries and damages, if any, and accordingly, Plaintiffs' claims are barred as a matter of law.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs were comparatively negligent, and accordingly, any claim against Norwegian and any damages which may be awarded must be reduced in proportion to Plaintiffs' own comparative negligence.

CASE NO.:  17-CV-24404-MORENO/TURNOFF

### THIRD AFFIRMATIVE DEFENSE

Third parties, over whom Norwegian had no control at the time of their actions, and their intentional acts and/or negligent acts, were the proximate cause of any loss, injury or damage to Plaintiffs, and accordingly, her claim against Norwegian must be reduced in proportion to these individuals' liability.

### FOURTH AFFIRMATIVE DEFENSE

The acts of the allegedly responsible individual or individuals were outside the course and scope of their employment, if any, with Norwegian, and accordingly, Plaintiffs' claims against Norwegian is barred as a matter of law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the Amended Complaint fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

In the event Plaintiffs recover on their Amended Complaint, Norwegian is entitled to a setoff for any and all collateral source benefits paid or payable to Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate the damages alleged in the Amended Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs failed to seek timely and/or appropriate medical treatment for the alleged injuries, and/or failed to follow the advice of the doctors – which failure exacerbated the alleged injuries – and any award of damages to Plaintiffs must be proportionately reduced.

CASE NO.:  17-CV-24404-MORENO/TURNOFF

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries, if any, are the result of a pre-existing injury or condition which was not disclosed and/or aggravated by any incident alleged in the Amended Complaint. Alternatively, if any pre-existing injury or condition was aggravated by the actions alleged in the Amended Complaint, then Plaintiffs are only entitled to recovery for the damages resulting from the aggravation.  Further, Plaintiffs' damages are discounted for the damages that would have been suffered even in the absence of the subsequent injury.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are precluded by the limitations, terms, and conditions contained in the Guest Ticket Contract.  This action is governed by and subject to the terms, conditions and limitations of the Guest Ticket Contract, and Norwegian adopts and incorporates by reference the same herein in their entirety.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are governed by general maritime law and any recovery by Plaintiffs is therefore limited by general maritime law.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged reliance on the alleged apparent agency of the ship's doctor(s)/nurse(s) was unreasonable.  Norwegian cannot be held vicariously liable for the negligence of a ship's doctor(s)/nurse(s) because it has no control over the doctor-patient relationship.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries, if any, were legally caused by the conduct of third parties not agents, employees, or joint venture partners of Norwegian and not subject to the direct supervision and control of Norwegian.

**MASE TINELLI MEBANE & BRIGGS**

CASE NO.:  17-CV-24404-MORENO/TURNOFF

## FOURTEENTH AFFIRMATIVE DEFENSE

Norwegian was not part of or engaged in an agency relationship or joint venture with the ship's doctor(s) and/or nurse(s).

Norwegian hereby reserves the right to amend its Affirmative Defenses as more facts become known through the course and scope of discovery.

WHEREFORE, Defendant, NCL (BAHAMAS) LTD., having answered Plaintiffs' Amended Complaint, and raised affirmative defenses thereto, prays that Plaintiffs' action be dismissed with prejudice.

Respectfully submitted,

MASE TINELLI MEBANE & BRIGGS, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida  33133
Telephone:  (305) 377-3770
Facsimile:   (305) 377-0080

By:____/s/ *Laurence M. Krutchik*_____
        THOMAS A. BRIGGS
        Florida Bar No. 663034
        tbriggs@maselaw.com
        rcoakley@maselaw.com
        filing@maselaw.com
        LAURENCE M. KRUTCHIK
        Florida Bar No. 0069449
        lkrutchik@maselaw.com
        ctoth@maselaw.com

CASE NO.:  17-CV-24404-MORENO/TURNOFF

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2018, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

       /s/ *Laurence M. Krutchik*
       LAURENCE M. KRUTCHIK

## SERVICE LIST

Paul Hoffman, Esq.
Hoffman Law Firm
2881 East Oakland Park Blvd.
Suite 110
Fort Lauderdale, Florida  33306
Tel:  (954) 707-5040
pmh@paulmhoffmanlaw.com
*Attorneys for Plaintiff*

//#24