UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


CASE NO. 17-cv-24404-FAM


LEE CLANCY FORD as Mother and
Next Friend of Jane Doe, a Minor,
      Plaintiff,

vs.

NCL (Bahamas) Ltd., A Bermuda Company,
d/b/a Norwegian Cruise Lines
      Defendant

_____/


## PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES AND STRIKE DEFENDANT'S OBJECTIONS TO PLAINTIFF'S INITIAL INTERROGATORIES TO DEFENDANT NCL (BAHAMAS), LTD.

**COMES NOW,** the Plaintiff, LEE CLANCY FORD, as mother and Next Friend of Jane Doe, a minor, by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, moves this Court to Compel Better Responses and Strike Defendants Objections to Plaintiff's Initial Interrogatories to Defendant NCL (Bahamas), Ltd. [hereinafter "NCL"] and in support thereof alleges as follows:

1.      On December 16, 2016, the minor Plaintiff (Jane Doe) and her mother (Lee) were fare-paying passengers aboard the Defendant's vessel NORWEGIAN GETAWAY.  Plaintiff alleges that NCL's medical staff negligently and improperly prescribed a very strong antibiotic that carries a black-box warning from the FDA called Levaquin without obtaining informed consent despite directions from the FDA that prospective patients be informed of the potentially significant and profound side effects associated with the drug.

2.      Plaintiff alleges that NCL failed to warn the Plaintiff of the dangers of taking this powerful drug.

3.      Plaintiff alleges that prescribing this drug created a dangerous condition for Plaintiff.

4.      Plaintiff alleges that NCL knew or should have known that prescribing this drug for the minor Plaintiff was improper since it should only be used sparingly and in certain conditions, none of which applied to this Plaintiff,

5.      As a result of the alleged negligent prescribing of the Levaquin drug and without informed consent, the minor Plaintiff was seriously injured by suffering serious and permanent side effects from the drug.

6.      NCL has denied all of Plaintiff's allegations.

7.      Plaintiff propounded upon NCL her Initial Interrogatories on April 9, 2018 and after several extensions, Defendant responded on June 14, 2016.  Defendant objected to or otherwise failed to respond to Interrogatories 2,3,4,6,12,13,17 and 22.  See Exhibit "A".

#2: Passengers or crew reporting adverse reactions (Plaintiff agrees to redact names)

#3: Factual bases for affirmative defenses

#4: Number of times Levaquin drug prescribed, dosages, conditions prescribed for and ages of patients (three year period)

#6:  Defendant has agreed to provide a better answer

#12: Number of times other antibiotics prescribed, dates and types prescribed and conditions prescribed for (three year period)

#13: Conversations with Plaintiff

#17: Conversations with Plaintiff

2

## <u>: - Improper Objections and Relevance of Plaintiff's Interrogatories:</u>

Defendant's objection that Plaintiffs requests are overbroad in time and scope should be stricken as these requests pertains only to a three (3) year period preceding the incidents alleged in the complaint.  A three (3) year request is not burdensome as Florida courts have compelled the discovery of similar incidents up to five (5) years and three (3) years prior to the incident date. *See Publix v. Martin*, 739 So.2d 174 (Fla. 2nd DCA 1999); *Carson v. Carnival Corp.*, 09-CV- 20087-LENARD (fleet-wide and five years); *Cook v. Royal Caribbean Cruises, Ltd.*, 11-CV-20723-GOODMAN (fleet-wide and five years); *Histed v. Royal Caribbean Cruises, Ltd.*, 10-CV-20803-COOKE/BANDSTRA (three years); *Whelan v. Royal Caribbean Cruises, Ltd.*, 12-CV-22481-UNGARO/TORRES (three years). *But see*, *Felicia v. Celebrity Cruises, Inc*., 12-CV-20477-DIMITROULEAS/SNOW (two years).

Defendant contends that the interrogatories are too vague. It is Plaintiff's position that there is nothing vague in these requests.  Moreover, as was stated by this Honorable Court, "[i]f a party believes that the request is vague, that party shall attempt to obtain clarification prior to objecting on this ground."  *Gaychet v. Royal Caribbean Cruises, Ltd.*, Case No. 12-20716-CIV-SEITZ/SIMONTON (S.D. Fla. May 15, 2012);  *see also Ochoa v. Empresas ICA, S.A.B. de C.V.*, Case No. 12-23898-CIV-SEITZ/SIMONTON (S.D. Fla. Aug. 8, 2012).

Defendant's objection of Plaintiff's interrogatories as being overbroad must be stricken as the scope of Federal Rules governing discovery are meant to apply broadly. Fed. R. Civ. P 26 (b); *Hickman v. Taylor*, 329 U.S 495 (1947) (Discovery rules are to be accorded a broad and liberal treatment). Furthermore, the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible."  *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).  The Plaintiff alleges that a drug was prescribed improperly and without

warning or informed consent.   Evidence showing the amount of this drug purchased by Defendant would tend to establish if the drug was overprescribed as would records concerning the number of times it was prescribed and for what conditions.

This Court has allowed discovery into prior accidents and complaints to prove notice of dangerous or defective condition.   *See Zarrella v. Pacific Life Insurance Co.*, Case No. 10-60754-CIV-COHN/SELTZER, order dated May 31, 2011 (S.D. Fla. 2011) (allowing discovery of prior complaints related to the company's policies, procedures or practices); *Belik v. Carlson Travel Group, Inc.*, Case No. 11-21136-CIV-ALTONAGA/SIMONTON, order dated Oct. 17, 2011 (S.D. Fla. 2011) (compelled the production of passenger comments or complaints for accidents and injuries); *Holden v. Carnival Corporation*, Case No. 11-22297, order dated March 21, 2012 (S.D. Fla. 2012) (compelled the production of prior complaints and accidents on all non-carpeted flooring).

The information also goes to Defendant's awareness of the underlying issues, specifically: 1. Was the drug prescribed appropriately for this Plaintiff? 2. Was the drug over-prescribed?   Evidence of prior prescriptions is relevant because the records will show the conditions for which the drug was prescribed and how often it was prescribed.  If Defendant's records show that the drug is handed out like candy with no warnings or informed consent, it would tend to prove Plaintiff's case in chief. Moreover, Plaintiff is suing a company that has a number of "locations."  *See Dawson v. Carnival*, 11-23428-CIV-UNGARO/TORRES (S.D. Fla., May 7, 2012) (compelled prior accidents on any and all vessels in the defendant's fleet).  There is no indication that this particular prescription event is any different on other vessels and any prior prescriptions would go to Defendant's notice.  Given the broad scope of discovery, this information should be provided.

The information requested concerning amounts of the drug ordered and circumstances surrounding its prescription are relevant.  A discovery request "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Moss v. Geico Indemnity Co.*, Case No. 5:10-CV-104-Oc-10TBS, order dated March 2, 2012 (M.D. Fla. 2012) (quoting *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296 (E.D. Pa. 1980).

Moreover, "the Courts have long held that ***relevance for discovery purposes is much broader than relevance for trial purposes***" and should only be disallowed if the information "has no possible bearing on the subject matter of the action." *Adelmen v. Boy Scouts of America*, Case No. 10-22236-CIV-GOLD/GOODMAN, order dated Aug. 19, 2011 (S.D. Fla. 2011) (quoting *Dunkin' Donuts Inc. v. Mary's Donuts, Inc.*, No. 01-0392, 2001 WL 34079319, *2 (S.D. Fla. Nov. 1, 2001) (emphasis added).  The information provided by these other passengers' records would help corroborate Plaintiff's claims regarding NCL's knowledge of the dangerous condition of prescribing this drug in unnecessary circumstances and without proper warning or informed consent. Plaintiff has agreed to redact names of other passengers or crew.

Evidence of similar occurrences (prior prescription of the drug) may be offered to show a Defendant's notice of a particular defect or danger (overuse, no warning, no informed consent), the magnitude of the defect or danger involved, the Defendant's ability to correct a known defect, the lack of safety for intended uses, the standard of care and causation, *Hessen v. Jaguar Cars,* 915 F. 2d 641 (11th Cir. 1990).

The burden to demonstrate work-product privilege is on the Defendant and it is a heavy one. *See Bridgewater v. Carnival Corp.*, 10-CV-22241-KING/MCALILEY (S.D. Fla., Sep. 20, 2011) ("burden, to sustain a claim of privilege, is heavy because privileges are 'not lightly

created nor expansively construed, for they are in derogation of the search for truth.'") (quoting *U.S. v. Nixon*, 418 U.S. 683, 710 (1974)).  Defendant has failed to maintain its burden and the information sought is discoverable.

Finally, there is the issue of "proportionality."  This shibboleth appears on several objections (#2, #4, #12) without any analysis as to why the evidence sought is not proportional to the needs of the case.  There is a six part test to determine if evidence is proportional to the case and Defendant fails to address even one of the factors in its boiler-plate objections.  Plaintiff will do so.

1) The evidence is of grave importance to Plaintiff as it goes to the heart of the case- overprescribing, not warning, and not providing informed consent.

2) The amount in controversy also favors Plaintiff.  This is a young child with permanent injuries.

3) The Defendant has 100% sole access to the information.  Plaintiff cannot go to Defendant's office and search its records.

4) The Defendant's resources far and away outweigh Plaintiff's.  A multi-national corporation versus a middle class family.

5) The evidence is of utmost importance.

6) The burden (if Defendant ever shows that it is a burden) does not outweigh the benefit.

**WHEREFORE**, Plaintiff prays this Court enter an Order compelling better answers to the interrogatories and/or strike objections propounded by the Defendant, NCL (Bahamas), Ltd.

Dated this 22nd day of June 2018.

Respectfully Submitted,

By: */s Paul M. Hoffman, Esq.*
Paul M. Hoffman, Esq.
Florida Bar No. 279897
pmh@paulmhoffmanlaw.com
Law Office of Paul M. Hoffman, P.A.
2888 East Oakland Park Boulevard
Ft. Lauderdale, Florida 33306
Telephone: (954) 563-8111
Facsimile: (954) 563-8171

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that in compliance with Local Rule 7.1, I have conferred with all parties or non-parties who may be affected by the relief sought, in a good faith effort to resolve the issues raised in the motion and have been unable to do so.

BY:    */s/Paul M. Hoffman, Esq.*
Paul M. Hoffman, Esq.
Florida Bar No. 0279897

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 22, 2018, I electronically filled the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

BY:     */s/Paul M. Hoffman, Esq.*
Paul M. Hoffman, Esq.
Florida Bar No. 0279897

## SERVICE LIST

CASE NO.:  17-cv-24404-FAM

| | |
|---|---|
| Paul M. Hoffman, Esquire<br>pmh@paulmhoffmanlaw.com<br>HOFFMAN LAW FIRM<br>2888 East Oakland Park Boulevard<br>Fort Lauderdale, Florida 33306<br>Telephone: (954) 563-8111<br>Facsimile: (954) 563-8171<br>*Attorneys for Plaintiff* | Thomas A. Briggs, Esquire<br>tbriggs@maselaw.com<br>Laurence D. Kritchik, Esquire<br>lkrutchik@maselaw.com<br>Mase Mebane & Briggs, P.A.<br>2601 S Bayshore Drive, Suite 800<br>Miami, FL 33133-5420<br>Phone: 305-377-3770<br>Fax: 305-377-0080<br>*Attorney for Defendant* |