# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-24404-MORENO/TURNOFF

LEE CLANCY FORD as Mother and
Next Friend of Jane Doe, a Minor,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD., a Bermuda
Company d/b/a NORWEGIAN CRUISE
LINES,

_____/

**DEFENDANT'S NOTICE OF SERVING RESPONSES TO PLAINTIFF'S
INITIAL INTERROGATORIES, DATED APRIL 9, 2018**

Defendant, NCL (BAHAMAS) LTD., d/b/a NORWEGIAN CRUISE LINES ("Norwegian"), by and through undersigned counsel, hereby gives notice of serving Responses to Plaintiff's Initial Interrogatories, dated April 9, 2018.

    Respectfully submitted,

    MASE MEBANE & BRIGGS, P.A.
    *Attorneys for Defendant*
    2601 South Bayshore Drive, Suite 800
    Miami, Florida 33133
    Telephone: (305) 377-3770
    Facsimile: (305) 377-0080

    By: /s/ *Laurence M. Krutchik*
        THOMAS A. BRIGGS
        Florida Bar No. 663034
        tbriggs@maselaw.com
        rcoakley@maselaw.com
        filing@maselaw.com
        LAURENCE M. KRUTCHIK
        Florida Bar No.: 0069449
        lkrutchik@maselaw.com
        filing@maselaw.com
        ctoth@maselaw.com

CASE NO.: 17-CV-24404-MORENO/TURNOFF

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2018, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


      /s/ *Laurence M. Krutchik*
      LAURENCE M. KRUTCHIK

## SERVICE LIST

Paul Hoffman, Esq.
Hoffman Law Firm
2881 East Oakland Park Blvd.
Suite 110
Fort Lauderdale, Florida  33306
Tel:  (954) 707-5040
pmh@paulmhoffmanlaw.com
*Attorneys for Plaintiff*


19305//#133

CASE NO.: 17-CV-24404-MORENO/TURNOFF

## NORWEGIAN'S RESPONSES TO PLAINTIFF'S INITIAL INTERROGATORIES
## DATED APRIL 9, 2018

1) Please state name, address, phone number and official position of all persons who assisted in the preparation and the answers to these interrogatories, exclusive of attorneys.

**RESPONSE:**

Dr. Carlos Gonzalez
Chief Medical Officer
Norwegian Cruise Line Holdings Ltd.
7665 Corporate Center Drive
Miami, FL 33126

**These responses were prepared with the assistance of counsel, Mase, Mebane and Briggs, P.A.**

2) Please state whether any passenger or crew member for any ship in Defendant's fleet reported an adverse reaction to Levofloxacin or any fluoroquinolone in the three year period December 29, 2016-December 29, 2013 and if so, please state the name of the vessel and the name and contact information for such passenger or crew member and the date of the adverse reaction and the type of adverse reaction.

**RESPONSE:**

**Norwegian objects to this interrogatory as vague, overbroad, not limited in scope, unduly burdensome, and not proportional to the needs of the case and therefore outside the proper scope of discovery under Fed. R. Civ. P. 26(b)(1). This interrogatory is only relevant to the issue of notice and is excessive in scope. Discovery into prior incidents must be adequately linked and tailored to a particular hazard, location, or condition.** *Ree v. Royal Caribbean Cruises Ltd.,* **2016 WL 1576350, at \*4 (S.D. Fla. Feb. 25, 2016). Plaintiff's interrogatory is overbroad and excessive in scope as it and would encompass incidents that involve entirely different facts and scenarios than the case at bar.** *See Ree*, **2016 WL 1576350, at \*2 ("To satisfy the substantial similarity doctrine a past incident must be reasonably related in terms of location** *and* **condition.");** *Sorrels v. NCL (Bahamas) Ltd.*, **796 F.3d 1275, 1287 (11th Cir. 2015) (affirming exclusion of past incidents where "none of them occurred where [plaintiff] fell[,]" "the liquids that the other passengers slipped on differed[,]" and "in some of the other incidents there were other factors involved."). Norwegian further objects because this interrogatory seeks confidential information of individuals that previously sailed onboard all of its vessels and such information is protected from disclosure pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. 104–191, 110 Stat. 1936.**

3)   Please state all facts and factual bases for any and all of the affirmative defenses raised by Defendant in its answer.

**RESPONSE:**

**Norwegian objects to the extent that this interrogatory calls for a legal interpretation or the mental impressions of counsel, and as such, requests information protected by the work product privilege.** *See Berry v. Haynes*, **41 F.R.D. 243, 244 (S.D. Fla. 1966);** *Wood v. Todd Shipyards*, **45 F.R.D. 363, 364 (S.D. Tex. 1968);** *Hickman v. Taylor*, **329 U.S. 495, 507 (1947).**

4)   Please state the number of times Levofloxacin or any floroquinalone has been prescribed by any physician in Defendant's fleet for the three year period December 29, 2016- December 29, 2013 and as to each instance of prescription please state a) the dosage and b) what specific conditions the drugs were prescribed for and c) the ages of the patients to whom it was prescribed.

**RESPONSE:**

**Norwegian objects to this interrogatory as vague, overbroad, not limited in scope, unduly burdensome, and not proportional to the needs of the case and therefore outside the proper scope of discovery under Fed. R. Civ. P. 26(b)(1). This interrogatory is only relevant to the issue of notice and is excessive in scope. Discovery into prior incidents must be adequately linked and tailored to a particular hazard, location, or condition.** *Ree v. Royal Caribbean Cruises Ltd.,* **2016 WL 1576350, at \*4 (S.D. Fla. Feb. 25, 2016). Plaintiff's interrogatory is overbroad and excessive in scope as it and would encompass incidents that involve entirely different facts and scenarios than the case at bar.** *See Ree*, **2016 WL 1576350, at \*2 ("To satisfy the substantial similarity doctrine a past incident must be reasonably related in terms of location** *and* **condition.");** *Sorrels v. NCL (Bahamas) Ltd.*, **796 F.3d 1275, 1287 (11th Cir. 2015) (affirming exclusion of past incidents where "none of them occurred where [plaintiff] fell[,]" "the liquids that the other passengers slipped on differed[,]" and "in some of the other incidents there were other factors involved."). Norwegian further objects because this interrogatory seeks confidential information of individuals that previously sailed onboard all of its vessels and such information is protected from disclosure pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. 104–191, 110 Stat. 1936.**

CASE NO.: 17-CV-24404-MORENO/TURNOFF

5) Please state the names, addresses and phone numbers of any and all medical personnel aboard NORWEGIAN GETAWAY on December 29, 2016 and as to each please state their licenses and certifications in effect on that date.

**RESPONSE:**

**The following medical personnel were involved in the care and treatment of Plaintiff:**

**Dr. Julio Andres Gaona Vilamil**
**Ship's Physician**
**Address to be provided**

**Cheryl Diane Mendoza, RN**
**Ship's Nurse**
**Address to be provided**

**Wanda Theron, RN**
**Ship's Nurse**
**Address to be provided**

**Norwegian objects to this interrogatory to the extent it seeks discovery of information about the medical personnel onboard the Norwegian *Getaway* who did not provide care or treatment to Plaintiff as it has no bearing on this case whatsoever. Such information is not proportional to the needs of this case and therefore outside the proper scope of discovery under Fed. R. Civ. P. 26(b)(1).**

6) Please state whether Dr. Villamil and Nurse Mendoza had possession of the Black Box warning for the Levofloxacin that was prescribed to the minor Plaintiff on NORWEGIAN GETAWAY and if so, please state a) who was in possession of the warning; b) how long he or she had been in possession of the warning and c) what exactly was told to the Plaintiff in regard to the warning.

**RESPONSE:**

**The Levaquin package insert is available in the ship's infirmary for the medical staff's reference.**

7) Does Defendant have any signed statements from the Plaintiff or any other witnesses? If so, please state the date of the statement, who took the statement, the name of the person whose statement was taken, who has custody of the statement and whether the statement was written or oral. If a privilege is claimed, please file a privilege log

**RESPONSE:**

**With respect to any signed statements from Plaintiff, none, other than statements contained in Plaintiff's medical records.**

**Regarding "statements from […] any other witnesses," Norwegian objects to this Request as encompassing documents and records which are protected from disclosure by the attorney-client and work product privileges. The Request impermissibly seeks documents and records which were created in anticipation of litigation, and are protected from production.** See *Finnegan v. Carnival Corp.*, **2009 WL 2852671, 3 (S.D. Fla. 2009)**; *Fojtasek v. NCL (Bahamas) Ltd.*, **262 F.R.D. 650 (S.D. Fla. 2009);** *Eisenberg v. Carnival Corp.*, **No. 07-22058-CIV, 2008 WL 2946029 (S.D. Fla. July 7, 2008);** *Royal Caribbean Cruises, Ltd. v. Doe*, **964 So.2d 713, 718 (Fla. 3d DCA 2007);** *Alexander v. Carnival Corp.*, **238 F.R.D. 318 (S.D. Fla. 2006);** *Hines v. Widnall*, **183 F.R.D. 596 (N.D. Fla. 1998);** *Southern Bell & Tel. Co. v. Deason*, **632 So. 2d 1377 (Fla. 1994);** *Nadler v. U.S. Dept. of Justice*, **955 F.2d 1479 (11th Cir. 1992);** *Hickman v. Taylor*, **329 U.S. 495 (1947). It is well decided that requests for accident/incident reports are objectionable as the primary motivating purpose and function of such documents is to aid in future litigation and assist defense counsel in litigation.** *Fojtasek v. NCL (Bahamas) Ltd.*, **262 F.R.D. 650, 656 (S.D. Fla. 2009) (citing** *Hickman v. Carnival Corp.*, **04–20044–CIV–UNGARO (S.D. Fla. Aug. 16, 2004 DE #34) (holding cruise line accident report prepared on the advice of counsel to provide claims handling information in anticipation of litigation);** *Iaquinto v. Carnival Corp.*, **Case No. 05–21652–CIV–JORDAN (S.D. Fla. Nov. 18, 2005, DE # 18) (finding cruise line had shown that the incident report, witness statements and photographs of the subject deck were prepared in anticipation of litigation);** *see also Place St. Michel, Inc. v. Travelers Prop. Cas. Co. of Am.*, **No. 06-21817-CIV, 2007 WL 1059561, at \*2 (S.D. Fla. Apr. 4, 2007) (citing** *Guidry v. Jen Marine LLC*, **No. Civ. A. 03-0018, 2003 WL 22038377, \*2 (E.D.La. Aug. 22, 2003);** *see also Moye, O'Brien, O'Rourke, Hogan & Pickert v. Nat'l R.R. Passenger Corp.*, **No. 6:02-CV-126-ORL-KRS, 2003 WL 21146674, \*14 (M.D. Fla. Feb. 4, 2003) ("The testing question for the work-product privilege, ... is whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.").**

**Subject to and without waiving any objections, none.**

CASE NO.: 17-CV-24404-MORENO/TURNOFF

8) Do you contend that Plaintiff was negligent in causing her child's own injuries? If so, please state specifically how Plaintiff was negligent. In your answer please do not simply state that Plaintiff failed to use reasonable care for her own safety or other boiler-plate responses found in Defendant's answer but state specific facts which show that Plaintiff was negligent.

**RESPONSE:**

**Not at this time. However, discovery is ongoing.**

9) Have any changes been made in regard to prescribing Levofloxacin to minors by Defendant since December 29, 2016? If so, please state the date of the changes and the nature of the changes? (Please note that remedial measures are not privileged during discovery but may be privileged at trial.)

**RESPONSE:**

**No.**

10) Has anyone complained or reported to Defendant before Plaintiff's injury about the condition(s) alleged by Plaintiff in her lawsuit (side effects from prescribing Levofloxacin) to have caused Plaintiff's injuries or damages, for NCL GETAWAY and for any ship in the same class as the one on which Plaintiff alleges an injury, for the three (3) year period preceding the injury as alleged in the lawsuit? If so, please state the names, addresses and phone numbers of all such persons, the dates of the complaints or reports and whether the complaints or reports were oral or written. If the complaints or reports are in the form a lawsuit, please state the parties to the suit, the date and court where it was filed and the case number.

**RESPONSE:**

**No.**

11) Does Defendant contend that it lacked actual or constructive notice of the conditions alleged in Plaintiff's complaint that allegedly caused Plaintiff's alleged injuries (prescribing Levofloxacin to a minor)? If so, specify why Defendant lacked notice.

**RESPONSE:**

**Objection. This Request is vague, ambiguous, confusing, not sufficiently limited in time and scope, and therefore outside the proper scope of discovery under Fed. R. Civ. P. 26(b)(1).**

CASE NO.: 17-CV-24404-MORENO/TURNOFF

12) Please state the number of times antibiotics have been prescribed for passengers and crew members during the three year period December 19, 2013-December 19, 2016 on NORWEGIAN GETAWAY and on any ship in Defendant's fleet and as to such prescriptions, please state the a) dates and types of antibiotics prescribed and b) the conditions for which said antibiotics were prescribed?

**RESPONSE:**

**Norwegian objects to this interrogatory as vague, overbroad, not limited in scope, unduly burdensome, and not proportional to the needs of the case and therefore outside the proper scope of discovery under Fed. R. Civ. P. 26(b)(1). This interrogatory is only relevant to the issue of notice and is excessive in scope. Discovery into prior incidents must be adequately linked and tailored to a particular hazard, location, or condition.** *Ree v. Royal Caribbean Cruises Ltd.*, **2016 WL 1576350, at \*4 (S.D. Fla. Feb. 25, 2016). Plaintiff's interrogatory is overbroad and excessive in scope as it and would encompass incidents that involve entirely different facts and scenarios than the case at bar.** *See Ree*, **2016 WL 1576350, at \*2 ("To satisfy the substantial similarity doctrine a past incident must be reasonably related in terms of location** *and* **condition.");** *Sorrels v. NCL (Bahamas) Ltd.*, **796 F.3d 1275, 1287 (11th Cir. 2015) (affirming exclusion of past incidents where "none of them occurred where [plaintiff] fell[,]" "the liquids that the other passengers slipped on differed[,]" and "in some of the other incidents there were other factors involved."). Norwegian further objects because this interrogatory seeks confidential information of individuals that previously sailed onboard all of its vessels and such information is protected from disclosure pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. 104–191, 110 Stat. 1936.**

13) What specifically was told to the Plaintiff's mother about Levofloxacin in the context of obtaining informed consent to prescribe the drug and was the communication oral or written or both and describe the communication exactly.

**RESPONSE:**

**Dr. Gaona Villamil and Nurse Wanda Theron had conversations with Plaintiffs onboard the** *Getaway* **regarding the medical care and treatment and prescription of Levaquin. Norwegian agrees to make Dr. Villamil and Nurse Theron available for deposition.**

CASE NO.: 17-CV-24404-MORENO/TURNOFF

14) Please state with specificity all written guidelines that existed for NORWEGIAN GETAWAY and any ship in Defendant's fleet for prescribing Levofloxacin and other floroquinolones as of December 29, 2016.

RESPONSE:

**Norwegian does not instruct its medical staff how to practice medicine because they are trained and experienced medical professionals. With respect to prescribing and administration of medications, Norwegian suggests that its medical staff adhere to the manufacturer's instructions as set forth in the package inserts.**

16) Please state with specificity the nature of the medical conditions suffered by the minor Plaintiff that caused the ship's doctor to prescribe Levofloxacin for the minor Plaintiff.

RESPONSE:

**See Plaintiff's medical records previously produced. Discovery is ongoing.**

17) Please state whether any oral or written representations were made to Plaintiff about medical care available on board Defendant's ships prior to Plaintiff's injury? If so, please state the specific oral or written communications and when they were made and how they were made and the name(s), address(es) and phone number(s) of Defendant's employees who made such communications.

RESPONSE:

**Dr. Gaona Villamil and Nurse Wanda Theron had conversations with Plaintiffs onboard the *Getaway* regarding the medical care and treatment and prescription of Levaquin. Norwegian agrees to make Dr. Villamil and Nurse Theron available for deposition.**

19) Please state the vetting or hiring procedures and requirements for all doctors and nurses to work on NORWEGIAN GETAWAY in effect on December 29, 2016 and their pay structure, whether by salary, commission or a combination of both.

RESPONSE:

**All medical personnel that serve onboard Norwegian's vessels must meet the minimum qualifications set forth by the American College of Emergency Physicians ("ACEP") and the Cruise Line International Association ("CLIA"). Applications and *curriculum vitae* are submitted to Norwegian's Human Resources Department who conducts an initial interview. Next, a clinical interview is performed followed by an interview with the Chief Medical Officer, Dr. Carlos Gonzalez. Then, a character and personality interview is conducted. Finally, if the applicant has made it through the aforementioned steps, the application is sent to an outside vetting company to conduct a background check, confirm prior employment, and to check**

references. **An applicant will only be considered for a position only if the applicant passes all the foregoing steps.**

20) Did Dr. Villamil or Nurse Mendoza or any other medical personnel aboard NORWEGIAN GETAWAY speak with or communicate with by email or phone or telex or fax with any person a) at Defendant's home office and b) anywhere else during the cruise on which Plaintiff was prescribed Levofloxacin and if so please identify the person or persons by name, address and qualifications or licensures.

**RESPONSE:**

No.

22.) Please state with specificity any and all conversations by and between any person and Plaintiff and Plaintiff's minor child including those by the ship's doctors, nurses and other personnel aboard ship while Plaintiff was a passenger.

**RESPONSE:**

**Dr. Gaona Villamil and Nurse Wanda Theron had conversations with Plaintiffs onboard the *Getaway* regarding the medical care and treatment and prescription of Levaquin. Norwegian agrees to make Dr. Villamil and Nurse Theron available for deposition.**