UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  17-CV-24404-MORENO/LOUIS

LEE CLANCY FORD as Mother and
Next Friend of Jane Doe, a Minor,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD., a Bermuda
Company d/b/a NORWEGIAN CRUISE
LINES,
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH COURT ORDER [ECF NO. 39]

Defendant, NCL (BAHAMAS) LTD. (hereinafter "Norwegian"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 6 and S.D. Fla. Local Rule 7.1 hereby responds to Plaintiff's Motion to Compel Compliance with Court Order [ECF No. 39] and states as follows:

### I.  BACKGROUND

1. This case arises from injuries Plaintiff's minor daughter allegedly sustained as a result of medical negligence while onboard the Norwegian *Getaway* where she was prescribed and administered an antibiotic, Levaquin (aka levofloxacin).

2. Plaintiff previously filed a Motion to Compel seeking to obtain, among other things, three (3) years of prior medical records from every cruise ship in Norwegian's fleet for patients who were prescribed fluoroquinolone antibiotics (drugs in the same class of antibiotics as Levaquin which was prescribed to Plaintiff in this case).

3. Since Plaintiffs' request sought records from Norwegian's entire fleet of cruise ships and because a majority of the records for the requested time period were only available in paper format (which would have to be searched by hand), Norwegian objected to the Request and filed a burdensome affidavit from its Chief Medical Officer, Dr. Carlos Gonzalez. *See* Def's Combined Resp. to Pl's Mots. to Compel [ECF No. 31]; Not. of Filing [ECF No. 32].

4. Thereafter, on July 17, 2018, the Court held a hearing on Plaintiffs' Motion to Compel and, in light of Dr. Gonzalez' affidavit, Norwegian was "ordered to conduct a review of records made in the six months preceding Plaintiff's incident, **redact personal identification information as necessary**, and produce responsive documents to Plaintiff within 14 days of this Order." ECF No. 34, p.2 (emphasis added).

5. In compliance with the Court's Order, Norwegian produced 10,972 pages of medical records and redacted each patient's personal identification information including: (1) their names; (2) patient identification numbers; and (3) dates of birth.

6. Plaintiff now seeks to obtain the dates of birth for all of the patients, including minors, in the medical records Norwegian produced.

7. For the reasons set forth below, Norwegian avers that it has complied with the Court's Order, that the prior patients' dates of birth are considered "Protected Health Information" that should not be disclosed, and that production of dates of birth for the records produced would be unfairly prejudicial to Norwegian and not proportional to the needs of this case.

CASE NO.: 17-CV-24404-MORENO/LOUIS

### III. ARGUMENT

**A. A person's date of birth and age, especially for minors, are Protected Health Information under HIPAA.**

The Health Information Portability and Accountability Act of 1996, Pub. L. No. 104–191, 110 Stat. 1936 (1996) (as amended) ("HIPAA") codified regulations regarding disclosure of a person's Protected Heath Information ("PHI"). Pursuant to the Code of Federal Regulations (45 C.F.R. § 160.103), PHI "means individually identifiable information" which includes a person's name, address, date of birth, phone number, and social security number. *See, e.g.*, *Odom v. CVS Caremark Corp.*, No. 3:14-456-MGL-SVH, 2016 WL 7324172, *1 (D.S.C. July 6, 2016) ("Plaintiff was required to maintain patient confidentiality according to [HIPAA]. He was required to confidentially maintain protected health information, including names, addresses, **dates of birth ("DOB")**, phone numbers, and social security numbers that were combined with medical information, such as medical diagnoses, prescription histories, and physical notations.") (emphasis added).

In this situation, not only did Norwegian and its counsel comply with the Court's Order "to redact personal identification information as necessary," they also complied with the mandates of HIPAA by redacting the prior patients' dates of birth. Importantly, if Norwegian and its counsel improperly disclose prior patients' dates of birth (i.e. PHI) without all of their consent, various penalties can be imposed for each individual violation. *See* 42 U.S.C. §§ 1320d, *et seq*. Hundreds of patients are included within the 10,972 pages of medical records Norwegian and its counsel produced to Plaintiffs.

Therefore, since the dates of birth are unquestionably PHI under HIPAA and under the Court's Order, Norwegian and its counsel appropriately redacted that information from the voluminous records produced.

CASE NO.:  17-CV-24404-MORENO/LOUIS

**B.    Requiring Norwegian to produce of the prior patients' dates of birth for only a six month period would be prejudicial.**

As Norwegian argued and the Court agreed, production of medical records for the requested three year period for Norwegian's entire fleet of cruise ship would be unduly burdensome. Moreover, aside from the potential HIPAA ramifications discussed above, *supra* § A, requiring Norwegian to produce the dates of birth for the six (6) months of records, or any additional records, produced would be unfairly prejudicial. The records are from a limited period of time and any inference, assumption, trend, or other information Plaintiffs may try to glean from those limited records would not accurately reflect Norwegian and its shipboard doctors' prescriptions of Levaquin and the other fluoroquinolones to different patients. There are a plethora of different factors that could account for the prescription or non-prescription of the class of antibiotics to patients onboard Norwegian's ships including but not limited to: (a) prior medical history; (b) allergies to other medications; (c) the diagnosed infection(s); (d) time of year when people travel with or without their children; (e) the regions where the various ships in the fleet travel; (f) the patients' different lifestyles that may expose them to different bacteria; and so on.

Furthermore, Norwegian and its counsel anticipate that if the dates of birth were ordered produced, Plaintiffs will likely question Norwegian's corporate representative about the prescription and non-prescription of Levaquin and other fluoroquinolones based solely on the six months of medical records produced. In that situation, any such testimony should not be admissible under Federal Rule of Evidence 403. Although Rule 403 deals with admissibility at trial and not discoverability, federal courts have considered the potential unfair prejudice of evidence in finding it not proportional to the needs of a case at the discovery stage. *See, e.g.*, *Collett v. GEICO Cas. Co.*, No. 16-15908, 2017 WL 3336614, *3-4 (E.D. La. Aug. 4, 2017) ("In light of its minimal relevance, in conjunction with its inadmissibility at trial, the sought after information is not proportional to the needs of the case and the Court will not compel their discovery.").

CASE NO.:  17-CV-24404-MORENO/LOUIS

As a result, requiring Norwegian to disclose the prior patients' dates of birth would be so unfairly prejudicial that it outweighs the probative value of the information making it not proportional to the needs of the case. Therefore, Norwegian should not be compelled to produce the prior patients' dates of birth.

Respectfully submitted this 18th day of September 2018.

                MASE MEBANE & BRIGGS, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida  33133
Telephone:  (305) 377-3770
Facsimile:   (305) 377-0080

By:   /s/ *Laurence M. Krutchik*
      Laurence M. Krutchik
      Florida Bar No.:  0069449
      lkrutchik@maselaw.com
      filing@maselaw.com
      ctoth@maselaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2018, the foregoing document is being served this day, via E-Mail, on all counsel of record identified on the attached Service List.

      /s/ *Laurence M. Krutchik*
      LAURENCE M. KRUTCHIK

CASE NO.: 17-CV-24404-MORENO/LOUIS

## SERVICE LIST

Paul Hoffman, Esq.
Hoffman Law Firm
2881 East Oakland Park Blvd.
Suite 110
Fort Lauderdale, Florida  33306
Tel:  (954) 707-5040
pmh@paulmhoffmanlaw.com
*Attorneys for Plaintiff*

19305//#572