UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-24404-MORENO/LOUIS

LEE CLANCY FORD as Mother and
Next Friend of Jane Doe, a Minor,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD., a Bermuda
Company d/b/a NORWEGIAN CRUISE
LINES,
                                           /

## JOINT MOTION TO CONTINUE TRIAL AND PRE-TRIAL DEADLINES

The Parties, by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 16 and S.D. Fla. Local Rule 7.1, hereby request that the Court continue trial and pre-trial deadlines and state as follows:

### I.   BACKGROUND

1. This somewhat medically-complicated case arises from injuries Plaintiff's daughter allegedly sustained due to alleged medical negligence stemming from the prescription of an antibiotic while Plaintiffs were passengers onboard the Norwegian *Getaway*.

2. The Court previously granted the Parties' Joint Motion to Continue Trial [ECF No. 20] due to the difficulty in obtaining Plaintiff's medical and other records from Canada, despite the cooperation between the Parties in attempting to obtain the records, which are voluminous.

3. Pursuant to the Court's Order of Continuance and Order Revising Pretrial Deadlines [ECF No. 23], the Court continued trial to the two-week period commencing December 10, 2018 and reset the other pretrial deadlines as follows:

| Event | Deadline |
|---|---|
| Completion of all expert and non-expert discovery | September 14, 2018 |
| Deadline to file all motions for summary judgment | September 28, 2018 |
| Deadline to file all pretrial motions | October 12, 2018 |

4. Since entry of the Court's Order continuing trial [ECF No. 23], Defendant has obtained virtually all of Plaintiff's records, Defendant completed the depositions of the minor Plaintiff and Plaintiff's mother and the minor Plaintiff's swim coach as there is a claim that her swimming has been impacted. The Plaintiffs have only partially completed the deposition of the ship doctor who treated the minor Plaintiff. For reasons shown below, the deposition of Plaintiff's treating physician has also been only partially completed.

5. The Parties exchanged Expert Witness Disclosures and reports. The Parties have disclosed eight expert witnesses between them and the Plaintiff has disclosed an additional two hybrid expert witnesses.

6. The Parties travelled to Vancouver, British Columbia in Canada for the depositions of the minor Plaintiff, Plaintiff's treating functional medicine doctor (and hybrid expert) Dr. Jan Venter, and Plaintiff's swimming coach (and hybrid expert), Christopher McClure, to take place on September 14, 2018.

7. The first deposition (of the minor Plaintiff) was scheduled to start at 8:00 a.m. (PST), but Plaintiffs' counsel's flight the evening before (Thursday) was delayed by over four hours and arrived in Vancouver after 5:00 a.m. Miami time because the aircraft had maintenance

problems. As a courtesy to Plaintiffs' counsel, Defendant's counsel agreed to postpone the minor Plaintiff's deposition to the end of the day and to start the first deposition of the swim coach at 10:00 a.m. (PST) when it had already been scheduled to start.

8. However, on the morning of Friday, September 14th, Plaintiffs' videographer was almost two hours late to the 10:00 a.m. deposition due to a scheduling error on the court reporter's part and through no fault of counsel who had confirmed the videotaped deposition with the court reporter days before.

9. As a result, the deposition that was supposed to start at 10:00 a.m. went much later than originally planned. After the completion of the first deposition, Plaintiffs' counsel was only able to complete his direct examination of the second deponent, Dr. Venter, but Defendant's counsel did not have an opportunity to cross-examine him because the doctor had patients he was scheduled to see and had to leave. Originally, three hours had been allotted for the deposition which would have been adequate but for the court reporter's earlier error which reduced the available time to less than two hours.

10. It should be noted that the Defendant then deposed the minor Plaintiff until almost 7:30 p.m. that evening, the Parties continuing to work hard to try and complete discovery.

11. Plaintiffs' counsel agreed to produce Dr. Venter and Dr. Venter agreed on the record to make himself available for deposition again in Vancouver so that Defendant's counsel can conduct his cross-examination. Importantly, Plaintiffs probably will not to call Dr. Venter live at trial so his deposition is the only testimony the Parties may have if the case is tried.

12. Counsel for the Parties each had early morning flights the next day to New York. Counsel travelled from Vancouver to New York City for Plaintiffs to take the deposition of

Defendant's shipboard doctor who treated Plaintiff, Dr. Gaona-Villamil, at 10:00 a.m. on Sunday, September 16th.

13. Dr. Gaona-Villamil is serving on the Norwegian *Escape* which is only in port in New York every Sunday. The deposition was scheduled in Manhattan at the nearest location to the port that was available.

14. Proving that lightning indeed can strike twice at the same place, Plaintiffs' previously arranged and confirmed court reporter did not show up for the New York deposition, again through no fault of counsel who had confirmed the deposition with court reporter again just days before.

15. The court reporter has apologized for not properly confirming the deposition with the court reporter in New York who was supposed to take the testimony of the ship's doctor and for the error involving the videographer not appearing for the deposition in Canada, while confirming that counsel had properly noticed and confirmed both depositions.

16. As a result, Plaintiff's counsel urgently retained another court reporter on Sunday morning who had to drive into Manhattan from Brooklyn and found another office space to conduct the deposition.

17. However, due to the failure of Plaintiffs' court reporter to appear, the deposition began at about 11:40 a.m. (EST). The deposition had to be terminated at 1:30 p.m. because Dr. Gaona-Villamil was required to be back on the *Escape* by no later than 2:00 p.m. for the next round of guests embarking on the ship for the next cruise.

18. Plaintiffs' counsel requested and Defendant agrees to produce Dr. Gaona-Villamil so Plaintiffs' counsel can complete his direct examination and for Defendant's counsel to conduct his cross-examination, if necessary.

19. However, Dr. Gaona-Villamil is transferring on September 28th to the Norwegian Jade which will be sailing from Southampton, England and arriving in Miami, Florida on October 14th. To avoid incurring any additional travel costs, the Parties agree to conduct the remainder of Dr. Gaona-Villamil's deposition in Miami.

20. In addition, Plaintiffs have been unable to complete a previously-noticed Rule 30b deposition of Defendant's corporate representative and chief medical officer Dr. Gonzalez due to an unexpected temporary absence of his lead staff member in his department. Defendant has agreed to produce Dr. Gonzalez for deposition at a later date.

21. Due to the foregoing events, all of which were out of the Parties' control, fact discovery is not yet complete and expert depositions have yet to be commenced. As a result, while the experts are certainly under an obligation to update their opinions based on newly-discovered evidence, it will pose a logistical and scheduling problem and a financial burden on the Parties if the Parties have to re-depose the experts on their newly formed opinions based on pending fact discovery which has yet to be completed through no fault of the Parties.

22. The Parties have been diligent in their efforts and cooperative with each other to timely complete discovery, which was necessarily delayed as the Court has been made aware due to the logistical problems of obtaining all of Plaintiff's medical records from a foreign country.

23. Given the present situation it will not be feasible to do complete all discovery and also comply with the Court's upcoming deadlines.

24. Therefore, the Parties respectfully request that the Court continue trial to March 2019 to allow for the completion of fact witness and expert depositions and to allow sufficient time for the Parties to prepare and file any pretrial motions.

CASE NO.: 17-CV-24404-MORENO/LOUIS

## II. ARGUMENT AND MEMORANDUM OF LAW

25. This Honorable Court has broad discretion to amend its scheduling order when good cause is shown. *See Johnson v. Bd. Of Regents of Univ. Ga.*, 263 F.3d 1417 (11th Cir. 2011); FED. R. CIV. P. 6(b); *see also* S.D. FLA. L.R. 7.1(a)(1)(J). Herein, adequate good cause is shown because necessary fact discovery has been thwarted due to reasons beyond the control of the parties and the parties have and continue to work diligently to comply with this Court's Scheduling Order and the deadlines included therein, but given the discovery that remains to be completed, compliance with the impending deadlines is impossible.

26. The requested continuance will permit the parties to complete the discovery they deem necessary to either prosecute or defend their cases in an orderly and timely fashion and to prepare their respective experts for trial.

27. This requested extension of the aforementioned deadlines is not made for purposes of delay and will not prejudice either party should it be granted. However, both sides will be severely prejudiced if the motion is not granted.

WHEREFORE, the Parties request that the Court enter an Order: (1) continuing trial to March 2019; and (2) and granting any further relief the Court deems equitable and just.

### LOCAL RULE 7.1(a)(3) CERTIFICATE

Pursuant to Local Rule 7.1(a)(3) of this Court, counsel for the parties certify that they have conferred, in a good faith effort to resolve the issues raised in the motion and they agree to the relief requested herein.

CASE NO.:  17-CV-24404-MORENO/LOUIS

Respectfully submitted this 26th day of September 2018.

| HOFFMAN LAW FIRM<br>*Attorneys for Plaintiff*<br>2881 East Oakland Park Blvd.<br>Suite 110<br>Fort Lauderdale, Florida  33306<br>Tel:  (954) 707-5040<br><br><br>By: */s/ Paul M. Hoffman*<br>Paul M. Hoffman, Esq.<br>Florida Bar No. 0279897<br>pmh@paulmhoffmanlaw.com | MASE MEBANE & BRIGGS, P.A.<br>*Attorneys for Defendant*<br>2601 South Bayshore Drive, Suite 800<br>Miami, Florida  33133<br>Telephone:  (305) 377-3770<br>Facsimile:   (305) 377-0080<br><br>By:    /s/ *Laurence M. Krutchik*<br>Laurence M. Krutchik<br>Florida Bar No.:  0069449<br>lkrutchik@maselaw.com<br>filing@maselaw.com<br>ctoth@maselaw.com |

### CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2018, I certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

　　　　　　　　　　　　　　　　　　　　　　　 /s/ *Laurence M. Krutchik*
　　　　　　　　　　　　　　　　　　　　　　　LAURENCE M. KRUTCHIK

CASE NO.:  17-CV-24404-MORENO/LOUIS

## SERVICE LIST

| | |
|---|---|
| Paul Hoffman, Esq. | Domingo C. Rodriguez, Esq. |
| Hoffman Law Firm | Rodriguez Law Firm |
| 2881 East Oakland Park Blvd. #104 | 55 Merrick Way, $701 |
| Fort Lauderdale, Florida  33306 | Coral Gables, FL |
| Tel:  (954) 707-5040 | Tel.: (305) 774-1477 |
| pmh@paulmhoffmanlaw.com | domingo@rlo.com |
| *Attorney for Plaintiffs* | *Attorney for Plaintiffs* |

19305//#630