# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-24404-MORENO/LOUIS

LEE CLANCY FORD, as Mother
And Next Friend of JANE DOE,
A Minor,

  Plaintiff,

vs.

NCL (Bahamas) Ltd., A Bermuda
Company, d/b/a NORWEGIAN
CRUISE LINES,

  Defendant.
_____/

<u>PLAINTIFF'S EXPERT WITNESS DISCLOSURE</u>

Plaintiff, CYNTHIA SANDERS, by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure 26 (a) (2), hereby serves her Expert Witness Disclosure and states:

1. **Steven B, Bird, M.D. (Expert Witness)**
 **6 Laurel Ridge Lane**
 **Shrewsbury, MA 01545**

Dr. Bird is a board certified toxicologist and emergency room physician who conducted a medical examination of Plaintiff Jane Doe. Dr. Bird will provide testimony regarding Plaintiff's past, present and future medical condition as it relates to the injures alleged in the Complaint. He is expected to testify from the standpoint of his background, experience and training as a toxicologist and an emergency room physician regarding Plaintiff's medical condition, her prognosis and permanent impairment and the cause(s) thereof based upon his examination of the Plaintiff and his review of the Plaintiff's medical records, tests, and pending and completed

discovery in this case. Dr. Bird is also expected to provide testimony regarding the nature of any preexisting conditions and the causal relationship between such conditions and the underlying claims for injuries and damages. He will opine on the standard of care for Defendant's ship board medical care as an emergency physician and on the causation of Plaintiff's injuries as a toxicologist. He may also be called upon to rebut the testimony of Defendant's expert(s). Dr. Bird reserves the right to modify, amend, and/or supplement his opinion if and when additional materials are provided for his review. Dr. Bird's signed report, CV, testifying history and fee charged have been furnished to Defendant by electronic mail on September 17, 2018.

    2.    **Nicholas D. A. Suite, M.D. (Expert Witness)**
           **2525 Embassy Drive, Suite 7**
           **Cooper City, FL 33026**

Dr. Suite is a board certified neurologist who conducted a medical examination of Plaintiff Jane Doe. Dr. Suite will provide testimony regarding Plaintiff's past, present and future medical condition as it relates to the injuries alleged in the Complaint. He is expected to testify from the standpoint of his background, experience and training as a neurologist regarding Plaintiff's medical condition, her prognosis and permanent impairment and the cause(s) thereof based upon his examination of the Plaintiff and his review of the Plaintiff's medical records, tests, and pending and completed discovery in this case. Dr. Suite is also expected to provide testimony regarding the nature of any preexisting conditions and the causal relationship between such conditions and the underlying claims for injuries and damages. He is expected to opine on the causation of Plaintiff's injuries as a neurologist. He may also be called upon to rebut the testimony of Defendant's expert(s). Dr. Suite reserves the right to modify, amend, and/or supplement his opinion if and when additional materials are provided for his review. Dr. Suite's signed report, CV, testifying history and fee charged have been furnished to Defendant by

electronic mail on September 17, 2018.

    3.    **John Edward Fortunato, M.D. (Expert Witness)**
           **Ann & Robert H. Lurie Children's Hospital of Chicago**
           **225 E. Chicago Avenue, Box 65**
           **Chicago, IL 60611**

Dr. Fortunato is a board certified gastroenterologist. Dr. Fortunato will provide testimony regarding Plaintiff's past, present and future medical condition as it relates to the injures alleged in the Complaint. He is expected to testify from the standpoint of his background, experience and training as a gastroenterologist regarding Plaintiff's medical condition, her prognosis and permanent impairment and the cause(s) thereof based upon his review of the Plaintiff's medical records, tests, and pending and completed discovery in this case. Dr. Fortunato is also expected to provide testimony regarding the nature of any preexisting conditions and the causal relationship between such conditions and the underlying claims for injuries and damages. He is expected to opine on the causation of Plaintiff's injuries as a gastroenterologist. He may also be called upon to rebut the testimony of Defendant's expert(s). Dr. Fortunato reserves the right to modify, amend, and/or supplement his opinion if and when additional materials are provided for his review. Dr. Fortunato's signed report, CV, testifying history and fee charged have been furnished to Defendant by electronic mail on September 17, 2018.

    4.    **Jan Venter, M.D. (Treating Internist-Hybrid ExpertWitness)**
           **False Creek HealthCare Center**
           **555 West 8th Avenue**
           **Vancouver, British Columbia**
           **Canada**

Dr. Venter is a board certified internist. Dr. Venter will provide testimony regarding Plaintiff's past, present and future medical condition as it relates to the injuries alleged in the

Complaint. He is expected to testify from the standpoint of his background, experience and training as a treating internist and a specialist in functional medicine regarding Plaintiff's medical condition, her prognosis and permanent and/or continuing impairment and the cause(s) thereof based upon his examinations and treatment of the Plaintiff, his review of the Plaintiff's medical records, tests, and pending and completed discovery in this case. Dr. Venter is also expected to provide testimony regarding the nature of any preexisting conditions and the causal relationship between such conditions and the underlying claims for injuries and damages. He is expected to opine on the causation of Plaintiff's injuries as an internist and a specialist in functional medicine. He may also be called upon to rebut the testimony of Defendant's expert(s). Dr. Venter reserves the right to modify, amend, and/or supplement his opinion if and when additional materials are provided for his review. Dr. Venter's records have previously been provided to Defendant including a report he authored on April 9, 2018. Dr. Venter's experience background and training and fees charged were disclosed to Defendant at his deposition taken on September 14, 2018.

5. **Beatrice A. Golomb, M.D. Ph.D. (Expert Witness)**
**Professor of Medicine**
**UC San Diego School of Medicine**
**9500 Gilman Drive #0995**
**LaJolla, CA 92093**

Dr. Golomb is a medical doctor and a professor of medicine. Dr. Golomb will provide testimony regarding causation of Plaintiff's medical condition as it relates to the injures alleged in the Complaint. She is expected to testify from the standpoint of her background, experience and training as a professor of medicine regarding Plaintiff's medical condition, her prognosis and permanent impairment and the cause(s) thereof based upon the history provided to her in this case. She is expected to opine on the causation of Plaintiff's injuries as a professor of medicine

and extensive research as to the cause of Plaintiff's medical condition. She may also be called upon to rebut the testimony of Defendant's expert(s). Dr. Golomb reserves the right to modify, amend, and/or supplement her opinion if and when additional materials are provided for her review. Dr. Golomb's signed report, testifying history (none) and fee charged (none) have been furnished to Defendant by electronic mail on September 17, 2018. Her CV will be forwarded upon receipt.

6. **Christopher D. McClure (Swim Coach-Hybrid Expert Witness)**
**2270 W. 41st Avenue**
**Vancouver, British Columbia**
**Canada**

Christopher D. McClure is a certified swimming coach. Mr. McClure is qualified to and will provide testimony regarding Plaintiff's past accomplishments as a swimmer and on the issue of whether Plaintiff was overtrained. He is expected to testify from the standpoint of his background, experience and training as a professional swimming coach. He is qualified to render expert opinions based on his training, certification and experience. He is expected to opine that the Plaintiff was not overtrained based on the training program he developed for the Plaintiff, his review of the Plaintiff's swimming performances and training schedule and his discussions with the Plaintiff. He may also be called upon to rebut the testimony of Defendant's expert(s) on the issue of overtraining. Mr. McClure reserves the right to amend or supplement his opinions if additional material is received, Mr. McClure's records have previously been provided to Defendant including a report he authored on September 10, 2018. Mr. McClure's experience background and training and fees charged were disclosed to Defendant at his deposition taken on September 14, 2018.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this 17th day of September, 2018, to: Thomas A. Briggs, Esq., tbriggs@maselaw.com and Laurence M. Krutchik, Esq., lkrutchik@maselaw.com

        Respectfully submitted,

        Paul M. Hoffman, Esquire
        2881 E. Oakland Park Boulevard
        Suite 110
        Fort Lauderdale, Florida 33306
        (954) 707-5040

By:    */s/ Paul M. Hoffman, Esq.*
        Paul M. Hoffman, Esq.
        Fla. Bar. No.: 279897