UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-CV-24404-SMITH/LOUIS

LEE CLANCY FORD, as Mother and
Next Friend of Jane Doe, a Minor,

    Plaintiff,

v.

NCL BAHAMAS LTD., a Bermuda company
d/b/a NORWEGIAN CRUISE LINES,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Objections (ECF No. 112) ("Objections") to the Magistrate Judge's Order (ECF No. 96) ("Order") granting in part Defendant's *Daubert* Motion (ECF No. 86) ("Motion"). Defendant objects to the portion of the Order which denies Defendant's Motion to exclude the expert opinions of Dr. Jan Venter and Dr. Beatrice Golomb. The Court has reviewed Defendant's Objections, the record and applicable law, and is otherwise fully advised in the premises.

Rule 72(a) of the Federal Rules of Civil Procedure requires the Court to modify or vacate a Magistrate Judge's order to the extent that the order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997). An order is contrary to law when it fails to apply or misapplies relevant statutes, case law

1

or rules of procedure. *Tolz v. Geico Gen. Ins. Co.*, No. 08-80663-CIV, 2010 WL 384745, at *2 (S.D. Fla. Jan. 27, 2010).

Upon consideration of the Objections, Defendant has failed to allege the commission of clear error or ruling contrary to law in Judge Louis's Order. Defendant raises three principal objections: (1) that Dr. Venter's expert report fails to satisfy the requirements of Rule 26(a)(2)(B) because his opinions go beyond those of a treating physician; (2) that Dr. Venter is unqualified to opine regarding the effects of fluoroquinolones and the treatment and duration of any alleged symptoms and Plaintiff's prognosis; and (3) that Dr. Golomb's opinions are the product of an unreliable methodology. These objections and their corresponding arguments are identical to those originally raised in Defendant's *Daubert* motion that were already thoroughly and thoughtfully considered by Judge Louis. *Compare* Motion at 7-12 *with* Objections at 4-12. (internal citations omitted). As such, Defendant has failed to allege that any portion of Judge Louis's Order is clearly erroneous or is contrary to law, and has merely rehashed the arguments from its motion. *See Ritz v. Wipro Corp.*, No. 14-61273-CIV, 2015 WL 846853, at *6 (S.D. Fla. Feb. 26, 2015) (overruling objections to Magistrate Judge's order which were essentially rehashed from the objecting party's original motion and were already considered by the Magistrate Judge); *c.f. Hall v. Sargeant*, No. 18-CV-80748, 2018 WL 6019221, at *1 (S.D. Fla. Nov. 16, 2018) ("It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge."). Moreover, the Court finds Judge Louis's Order to be well-reasoned and correct, and finds no reason to vacate or otherwise modify it.

Accordingly, it is hereby **ORDERED** that Defendant's Objections (ECF No. 112) are **OVERRULED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 23rd day of July, 2019.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE