UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-CV-24404-SMITH/LOUIS

LEE CLANCY FORD, as Mother and
Next Friend of Jane Doe, a Minor,

    Plaintiff,

v.

NCL BAHAMAS LTD., a Bermuda company
d/b/a NORWEGIAN CRUISE LINES,

    Defendant.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT

**THIS CAUSE** comes before the Court upon the Joint Motion to Approve Settlement Agreement Involving Minor Child (ECF No. 176). The Court has reviewed the sealed settlement agreement entered into between Plaintiff (a minor, "Jane Doe," who is represented by her mother) and Defendant, and is otherwise fully advised in the premises.

Florida law "requires court approval of any settlement after an action is commenced involving a ward [*i.e.* minor]." *Sullivan v. Dep't of Transp.*, 595 So.2d 219, 220 (Fla. 2d DCA 1992) (citing Fla. Stat. § 744.387(3)(a)). But first, the Court must determine whether the appointment of a guardian ad litem is necessary to protect the minor's interests. *See Jackson v. Magical Cruise Co., Ltd.*, No. 614CV1997ORL18KRS, 2016 WL 2647689, at *1 (M.D. Fla. Apr. 22, 2016), *report and recommendation adopted sub nom. Jackson v. Magical Cruise Co.*, No. 614CV1997ORL18KRS, 2016 WL 2733422 (M.D. Fla. May 9, 2016). The Eleventh Circuit has determined that "the appointment of a guardian ad litem is a procedural question controlled by

1

Rule 17(c) of the Federal Rules of Civil Procedure." *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001). However, a guardian ad litem is not required in all cases. *Id.* Rule 17(c)(1)(A) provides that a general guardian may bring suit on a minor's behalf. In such a situation, "unless a conflict of interest exists between the representative and minor, a district court need not even consider the question [of] whether a guardian ad litem should be appointed." *Burke*, 252 F.3d at 1264. When a minor is represented by a parent who is a party to the lawsuit and has the same interest as the child, as is the case here, there is generally no conflict of interest. *Id.* Here, Jane Doe has been represented by her mother, Lee Clancy Ford, through the entirety of this lawsuit. Accordingly, there is no need for the Court to appoint a guardian ad litem at this time.

Turning to the settlement agreement, court approval of any agreement involving a minor requires a determination that the settlement "will be for the best interest of the ward." Fla. Sta. § 744.387(1). "[T]he cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991). "The purpose of an order approving a minor's settlement is not to protect any legal right a defendant may have to control settlement[,] but instead it is to protect the interest of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." *McLaughlin v. Lara*, 133 So.3d 1004, 1006 (Fla. 2d DCA 2013). "[O]nly the failure of the agreement to protect the interest of the minor constitutes a legitimate basis for refusal to approve the settlement under this statute." *Reed By & Through Reed v. United States*, 891 F.2d 878, 881 n.3 (11th Cir. 1990).

The undersigned has carefully reviewed the terms of the settlement agreement and finds that they are fair, adequate, and reasonable. The Court has discerned no provision of the agreement that is unreasonable or otherwise contrary to the best interests of Jane Doe, nor any evidence of

collusion between the parties. Jane Doe's guardian does not gain financially from the agreement in any way, and the fees paid to her attorneys are fair and reasonable compensation. Under these circumstances, the settlement agreement is in the best interests of the minor and should be approved.

Accordingly, it is hereby **ORDERED** that the Joint Motion to Approve Settlement Agreement Involving Minor Child (ECF No. 176) is **GRANTED**, and the settlement agreement reached between the parties is **APPROVED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 23rd day of January, 2020.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE