UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

1:17-cv-24404-SMITH/LOUIS

LEE CLANCY FORD, as mother
and next friend of Jane Doe, a minor,

    Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda
company d/b/a Norwegian Cruise Line,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR *NUNC PRO TUNC* ORDER REQUIRING PARTIAL DISBURSEMENT IN ACCORDANCE WITH THE MOTION FILED UNDER SEAL [DE 190] AND TO EXTEND TIME FOR COURT TO RETAIN JURISDICTION OVER SETTLEMENT**

Plaintiff, LEE CLANCY FORD, as Mother and Next Friend of Jane Doe, a minor, by and through undersigned counsel, respectfully requests an Order from this Honorable Court requiring partial disbursement in accordance with the motion filed under seal [DE 190] and that this Court retain jurisdiction to enforce settlement for an additional forty-five (45) days to allow the parties to conclude this matter. In support of this motion, Plaintiff states:

    1.    Pursuant to this Court's January 22, 2020, Order [DE 185], the Court was to retain jurisdiction over this matter until March 2, 2020.

    2.    On January 23, 2020, this Court filed the Order Approving Settlement Agreement [DE 186], granting the Joint Motion to Approve Settlement Agreement Involving Minor Child [DE 176].

1

3. Later on January 23, 2020, Plaintiff filed her Motion for Order Authorizing Payment of Settlement Funds to Jane Doe, and Authorizing Payment to Reimburse Mason Kerns Law, P.A. for Costs, Within 30 Days of Approval of Settlement Agreement and <u>Prior To</u> Resolution of Attorneys' Fees Dispute [DE 187]. A sealed motion [DE 190], which disclosed various dollar amounts, was also filed.

4. On January 27, 2020, Plaintiff filed a Notice [DE 193] of Resolution of the Rodriguez Charging Lien [DE 82].

5. On January 28, 2020, Paul M. Hoffman P.A. filed a response [195] to Plaintiff's motion to distribute settlement funds and objection to distribution of proceeds which does not protect the amount of claimed *quantum meruit* fee in excess of agreed upon contingency fee with Plaintiff's current attorneys.

6. Plaintiff respectfully requests an order from this Court requiring a partial payment from Defendant of $▮▮▮▮ of the $▮▮▮▮ settlement amount, to be disbursed as 1) $▮▮▮▮ directly to the financial instrument designated by Jane Doe; and 2) $▮▮▮▮ in litigation costs to Mason Kerns Law, P.A., in accordance with the unredacted motion filed under seal [DE 190].

7. While Defendant does not object to a disbursement generally, Defendant does object to a disbursement in increments.

8. Neither Mr. Hoffman nor Mr. Rodriguez object to a partial disbursement of the amount stated in Paragraph 6, *supra*.

9. As of the filing of this motion, Defendant has not delivered the settlement funds to Plaintiff, six weeks since the settlement was approved [DE 186] by this Court.

10. Since Defendant agreed in the Court-approved Settlement Agreement to tender payment in 30 days, Plaintiff requests this Honorable Court order Defendant to tender $_____, to be disbursed according to Paragraph 6, *supra*.

11. The balance, $_____, of the total settlement is to remain in Defendant's possession until the putative attorney's fee lien of Paul M. Hoffman, Esq. [DE 166] is resolved.

12. Plaintiff also respectfully requests that this Court retain jurisdiction for an additional 45 days to allow for resolution of the putative attorney's fee lien of Paul M. Hoffman, Esq. [DE 166]; for Defendant to tender the balance of the total settlement amount; and for the settlement funds to clear all banking channels. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

13. This extension is sought for the reasons stated herein and not to delay or hinder this action.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant this motion and enter a *nunc pro tunc* order to March 2, 2020, requiring Defendant to make a partial payment of $_____ of the $_____ total settlement amount to be disbursed as 1) $_____ directly to the financial instrument designated by Jane Doe; and 2) $_____ in litigation costs to Mason Kerns Law, P.A., in accordance with the unredacted motion filed under seal [DE 190], and for this Court to retain jurisdiction over this matter for an additional 45 days from today to enforce settlement and grant any other and further relief this Court deems just and proper.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

My signature below certifies that, pursuant to Local Rule 7.1(a)(3), I conferred with: non-party Domingo Rodriguez, who does not oppose the relief sought herein; non-party Paul M. Hoffman, who does not oppose the relief sought herein; Heather McCarthy, who does not oppose the relief sought herein; Thomas Scolaro, who does not oppose the relief sought herein; and the Defendant, who opposes the relief sought herein.

*/s/ Jeremy Block*
JEREMY BLOCK

Respectfully Submitted by:

/s/ *Jeremy Block*
**Mason Kerns** (FBN 91754)
mason@masonkernslaw.com
pleadings@masonkernslaw.com
**Jeremy Block** (FBN 121783)
jeremy@masonkernslaw.com
MASON KERNS LAW, P.A.
*Counsel for Plaintiff*
1814 Southwest 22nd Avenue, Suite 6
Miami, Florida 33145
P 305.725.8300 | F 305.422.0400